IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF COLORADO

Civil Action No. 1:06-cv-02470-RPM-

JENNIFER LATHAM, individually and as mother and
natural guardian of EDEN and JACKSON LATHAM, minors,

      Plaintiff,

v.

ASSURANT HEALTH,
ASSURANT. INC.,
FORTIS INSURANCE COMPANY, and
TIME INSURANCE COMPANY,

      Defendants.

_____

AGREED STIPULATION AND PROTECTIVE ORDER
_____

      It is hereby agreed and stipulated by Plaintiff Jennifer Latham, individually and as mother and natural guardian of Eden and Jackson Latham, minors and Defendant Time Insurance Company f/k/a Fortis Insurance Company, through their respective counsel, that the following provisions and conditions shall govern the parties:

      1.     During the course of the litigation, the parties may voluntarily exchange and be required to produce documents and information which contain sensitive, non-public information including, but not limited to, protected health information, financial information, marketing information, customer information, employment and employment compensation information, business plans, intellectual property, and/or trade secrets ("Confidential Information"). Either party may designate documents or information which contains Confidential Information by

designating that document or information as "CONFIDENTIAL". This Protective Order ("Order") shall pertain to those documents produced and information provided by any party and designated "CONFIDENTIAL" in response to any party's discovery requests. The term "Disclosing Party" shall refer to the party producing "CONFIDENTIAL" documents and/or information and the term "Non-Disclosing Party" shall refer to the party to whom "CONFIDENTIAL" documents and/or information have been produced.

2. All documents or information that are designated "CONFIDENTIAL" shall be available only for examination by the parties, counsel for the parties, witnesses, experts, and consultants retained by counsel to assist in the prosecution, defense or settlement of this matter. Before any third party witnesses, experts, or consultants receive access to such "CONFIDENTIAL" discovery, they shall agree in writing to be bound by this Order. Specifically, the Non-Disclosing Party shall obtain an agreement in writing, as per the form attached as Exhibit "A," from the witness, expert, or consultant reciting that he or she has read a copy of this Order and agrees to be bound by its provisions. A copy of all agreements executed by such persons shall be furnished to counsel of record for the Disclosing Party.

3. No "CONFIDENTIAL" discovery shall be used or communicated by any person receiving it for any purpose whatsoever other than preparation for trial or settlement of this matter.

4. There shall be no reproduction whatsoever of any "CONFIDENTIAL" discovery except that, as required in this litigation, copies, excerpts or summaries may be shown or given to those authorized to receive discovery materials pursuant to this Order.

5. When producing documents of any kind (including, but not limited to, any audio and video materials) which contain Confidential Information, the parties shall mark such

documents as "CONFIDENTIAL."

6. In responding to written discovery directed to them, any of the parties may designate any portion of their responses which contains Confidential Information as "CONFIDENTIAL."

7. In any deposition, any of the parties may designate any testimony deemed to be "CONFIDENTIAL" by advising the court reporter of such fact.  The reporter shall then mark the "CONFIDENTIAL" portions of the transcript as "CONFIDENTIAL."

8. Documents or information designated by any of the parties as "CONFIDENTIAL" and required to be filed with the Court shall be sealed by the Clerk of Court and shall be available for inspection only by the Court and by those persons authorized by this Order to review such Confidential Information.

9. If the Non-Disclosing Party objects to the designation by the Disclosing Party of a document (including audio and video materials), pleading, or transcript of testimony as "CONFIDENTIAL," he/she/it shall give notice of same to the Disclosing Party in writing of the document, pleading, and/or testimony at issue and the reason for the objection.  The Disclosing Party shall thereafter have twenty (20) business days within which to apply to the Court for appropriate protection of the document, pleading, and/or testimony pursuant to the Federal Rules of Civil Procedure.  If the Disclosing Party does not make application within twenty (20) business days after receipt of the written objection of the Non-Disclosing Party, then the documents, pleadings, and/or testimony at issue shall no longer be deemed "CONFIDENTIAL."  However, until expiration of the twenty (20) day time period or until the Court enters an order changing the designation, the information shall continue to be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Order.

10. Information designated as "CONFIDENTIAL" may be referred to by the Non-Disclosing Party in notices, motions, briefs, or any other pleadings, may be used in depositions and may be marked as deposition or trial exhibits in this action. However, no such information shall be used for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and separately filed under the seal with the Court. Specifically, to the extent that any such filing with the Court is necessary, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with D.C.COLO.LCivR 7.2 and 7.3.

11. If, during trial, counsel for the Non-Disclosing Party intends to introduce into evidence any information designated as "CONFIDENTIAL", he or she shall give timely notice of that intention to the Court and the Disclosing Party's counsel.

12. Nothing in this Order shall prevent any party or non-party from seeking a modification of the Order or objecting to discovery which it believes to be otherwise improper.

DATED this 7th day of May, 2007.

s/Richard P. Matsch

_____
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

s/ Kerri J. Atencio_____
Kerri J. Atencio, Esq.
HOLLAND & HART, LLP
8390 East Crescent Parkway, Suite 400
Greenwood Village, Colorado  80111
Telephone:     (303) 290-1600
Facsimile:      (303) 290-1606
E-mail:           kjatencio@hollandhart.com

Walter D. Willson, Esq.
WELLS MARBLE & HURST, PLLC
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:      (601) 605-6900
Facsimile:       (601) 605-6901
E-mail:            wwillson@wellsmar.com

ATTORNEYS FOR DEFENDANT TIME
INSURANCE COMPANY, f/n/a FORTIS
INSURANCE COMPANY


s/ Joshua Proctor_____
Marc R. Levy. Esq.
Joshua O. Gregory, Esq.
Joshua Proctor, Esq.
LEVY, MORSE & WHEELER, P.C.
Plaza Tower One, Suite 900
6400 South Fiddlers Green Circle
Englewood, Colorado  80111-4923
Telephone:      (303) 796-2900
Facsimile:       (303) 796-2081
E-mail:            mlevy@levymorsewheeler.com
E-mail:            jgregory@levymorsewheeler.com
E-mail:            jproctor@levymorsewheeler.com

ATTORNEYS FOR PLAINTIFF

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER


EXHIBIT "A"

　　　The undersigned hereby acknowledges that they have received a copy of the Protective Order entered in this action, have read same and agree to be bound by all of the provisions thereof.

_____
Signature

_____
Name (Please Print)

_____
Date

3694225_1.DOC
5

6
165812.1